No. 23-0309

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 7, 2024
KELLY L. STEPHENS, Clerk

In re: CITY OF CLEVELAND, OH, )
) O R D E R
Petitioner. )

Before: BATCHELDER, GIBBONS, and McKEAGUE, Circuit Judges.

Defendant City of Cleveland, Ohio, petitions for permission to appeal the district court's order certifying this class action alleging that the Cleveland Division of Water ("Cleveland Water") overbills customers and then relies on the unpaid bills to disconnect service without sufficient notice and/or to place liens on properties that negatively impact their owners' equity, making housing "unavailable" under the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(a), and violating both the Fourteenth Amendment and Ohio law. Plaintiffs respond in opposition.

As an initial matter, the Northeast Ohio Regional Sewer District ("NEORSD") moves for leave to file an amicus brief in support of the City's petition. Because NEORSD explains its interest in the proceeding, why its participation is desirable, and why the matters it asserts are relevant to the disposition of the case, we grant the motion. *See* Fed. R. App. P. 29(a)(3).

Turning to the petition for permission to appeal, Federal Rule of Civil Procedure 23(f) authorizes circuit courts to "permit an appeal from an order granting or denying class-action certification." Fed. R. Civ. P. 23(f). "[We are] given unfettered discretion whether to permit the appeal, akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari." Fed. R. Civ. P. 23(f) advisory committee's note to 1998 amendment. Still, "the Rule 23(f) appeal

is never to be routine." *In re Delta Air Lines*, 310 F.3d 953, 959 (6th Cir. 2002) (per curiam). "[W]e eschew any hard-and-fast test in favor of a broad discretion to evaluate relevant factors that weigh in favor of or against an interlocutory appeal." *Id.* Those factors include whether "the certification decision turns on a novel or unsettled question of law"; whether the petitioner can "demonstrate some likelihood of success in overturning the class certification decision"; whether the decision amounts to a "death knell"—either because the stakes are too small to justify the costs of individual suits or because defending a class action is so costly that the defendant would be forced to settle; and "the posture of the case as it is pending before the district court." *Id.* at 957–60.

Cleveland and NEORSD persuasively argue that this case could have a significant effect on utilities and related government entities throughout the country. Utilities like Cleveland Water and NEORSD can terminate service for customers' failure to pay their bills. *See* Ohio Admin. Code § 4901:1-15-27. In addition, the utility can certify the unpaid amount to the county auditor to be placed on the property tax list as a lien against the property. *See* Ohio Rev. Code § 743.04(A)(1)(a). Plaintiffs argue that Cleveland Water routinely overbills customers and then converts their unpaid bills into liens—without the due process required by the Fourteenth Amendment and Ohio law—which diminish the value of the properties, reducing the owners' equity and increasing the likelihood of foreclosure or eviction. Because the liens are disproportionately common in majority-Black census blocks, Plaintiffs argue that Cleveland Water's procedures makes housing "unavailable" in violation of the FHA. *See* 42 U.S.C. § 3604(a).

Cleveland asserts that the suit involves the novel question of whether placement of a utility lien can support an FHA claim. Neither the parties nor the district court cites a case addressing

this argument, tending to show that the case raises a novel question of law. Further, Cleveland has arguably shown some likelihood of success on the merits of the class certification decision.

We review a district court's class-certification decision for an abuse of discretion. *Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 466 (6th Cir. 2017), *as corrected on denial of reh'g en banc* (Sept. 1, 2017) (citing *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 504 (6th Cir. 2015)). "An abuse of discretion occurs if the district court relies on clearly erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 536 (6th Cir. 2012).

The district court's class-certification decision depended in part on its conclusion that assessing water liens can make housing "unavailable" under § 3604 of the FHA. In reaching that conclusion, the court relied on our observation that "Congress intended § 3604 to reach a broad range of activities that have the effect of denying housing opportunities to a member of a protected class," *Mich. Prot. & Advoc. Serv., Inc. v. Babin*, 18 F.3d 337, 344 (6th Cir. 1994), and cited a handful of other circuit court orders broadly applying the FHA. But while our precedent's application of the FHA is broad, it is not limitless; we expressly rejected the assertion that "*any* action that results in the unavailability of housing for protected classes is actionable, no matter how attenuated." *Id.* at 345. Indeed, the circuit court cases cited by the district court involved action that directly caused the unavailability of housing, such as steering Black tenants "to a particular group of apartments in a complex" while "[v]acant apartments in the 'white' section were not shown, offered, or made available" to Black tenants, *United States v. Mitchell*, 580 F.2d 789, 791 (5th Cir. 1978), or the "discriminatory denials of insurance, and discriminatory pricing, that effectively preclude ownership of housing because of the race of the applicant," *NAACP v.*

*Am. Fam. Mut. Ins. Co.*, 978 F.2d 287, 301 (7th Cir. 1992). Whatever the merits of Plaintiffs' argument, Cleveland Water creates an alleged harm that is potentially different in kind from those cases cited by the district court. Given the novelty of the issue, Cleveland may be able to show that the district court's application of the FHA was an abuse of discretion.

The ubiquity and alleged necessity of utility liens favors interlocutory appeal. The outcome of this suit may affect not only putative class members who have been subject to an allegedly discriminatory lien, but every Cleveland Water customer, whose service costs are necessarily based in part on the utility's ability to recoup unpaid amounts, not to mention other utilities who use liens and *their* customers. The procedural posture of the district court action also supports interlocutory review. Certification orders are "inherently tentative," "particularly during the period before any notice is sent to members of the class." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978)). Such is the case here. Although the non-final nature of certification orders often cuts against interlocutory appeal because the facts and circumstances could change, an interlocutory appeal at this early stage also has the potential to narrow the issues below before the parties have spent additional time and expense.

Accordingly, the petition for permission to appeal and the motion for leave to file an amicus brief are **GRANTED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk